936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey C. LEVINE, Defendant-Appellant.
 No. 90-3876.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BERTELSMAN, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant Jeffrey Levine appeals his conviction and sentence following a jury trial in which he was convicted of possessing a motor vehicle with intent to dispose of it and with knowledge that its identification number had been altered, a violation of 18 U.S.C. Sec. 2321. For the reasons that follow, we affirm.
 
 I.
 
 2
 On August 2, 1988, defendant Levine purchased a 1979 Chevrolet Impala from Thomas and Jannis Burton. The exterior of this car was silver-grey in color and the body was rusted. The interior, including the carpeting, seats, steering wheel, dashboard, and doors, was red. There were approximately 59,000 miles on the odometer. Thomas Burton testified that defendant Levine offered him some "cash and a couple of room air conditioners ..." for this automobile, J.A. 56, but he could not remember the price Levine actually paid. An Ohio Consumer Sales Tax Return executed by Jannis Burton in connection with this transaction recited that the full price paid for the automobile was $10.00.
 
 
 3
 On August 24, 1988, a 1983 Chevrolet Caprice was stolen from William Wojtyszyn. The car had a blue interior and exterior and an odometer mileage approaching 40,000. Wojtyszyn testified that he had purchased the automobile as an insurance salvage for $400, then spent three or four months working with a friend to place the automobile in operating condition "almost like new." J.A. 81. On August 28, 1988, four days after the theft, Wojtyszyn's automobile was discovered at the defendant's residence by FBI agents executing a search warrant. When agents inspected the vehicle, they discovered that, although the confidential vehicle identification number (VIN) identified the vehicle as the 1983 Caprice belonging to William Wojtyszyn, the public VIN and the door stickers were those of the 1979 Impala automobile defendant Levine had purchased from Thomas and Jannis Burton on August 2, 1988. The engine bore an emissions tag certifying that the engine met 1980 emission standards.
 
 
 4
 At the trial, Thomas Burton testified that he had been a Chevrolet Service Department mechanic for ten years. He was shown photographs of the 1983 blue Caprice and asked how much it would cost to convert the appearance of the 1979 Impala that Levine purchased to the appearance of the 1983 Caprice in the photographs. His estimate was, "over $5,000, I'm sure." J.A. 66. This evidence was disputed by William Eyler, a defense witness, who testified that he had been an insurance investigator, although not an appraiser, for approximately eighteen years. It was his opinion that the 1979 Impala automobile could have been converted to the appearance, inside and out, of the 1983 Caprice for approximately $2,415. The two automobiles are very similar and most of their parts are interchangeable.
 
 
 5
 Elaine Heiden testified that she lived with defendant Levine during the time in question and that he had used her automobile as a down payment on a BMW he purchased for himself. He agreed at the time to obtain another car for her in exchange for the one she allowed him to trade in. According to her testimony, defendant Levine purchased the 1979 Impala for her, then gave it to a friend of his to work on. On the night before the FBI executed its search warrant, that friend delivered the 1983 Caprice to Levine's house. When the automobile arrived, Levine told Heiden, "Go take a look, this is your car." J.A. 157. Heiden also testified that Levine made his living by purchasing, fixing, and selling used cars.
 
 
 6
 Defendant Levine was convicted of possessing a vehicle with an altered serial number with intent to dispose of it and sentenced to confinement for thirteen months. At the sentencing hearing, the district court applied United States Sentencing Guideline 2B6.1, which specified a base offense level of eight points. By reference to section 2F1.1, it also required the addition of one level in the event that the retail value of the motor vehicle involved exceeded $2,000 but not $5,000. The court found that the 1983 Caprice exceeded $2,000 in value at the time defendant Levine obtained it and thus computed an offense level of nine. Defendant Levine's criminal history placed him in category IV, which, considered with the offense level, dictated a guideline range of twelve to eighteen months. The district court decided to sentence defendant Levine at the low end of the guideline range though not at its bottom. Accordingly, it imposed a sentence of thirteen months and gave as its reason its desire to see the defendant serve his sentence in a federal institution. The court believed that a sentence of twelve months might result in the defendant's incarceration in a local county jail.
 
 
 7
 The issues in this case are (1) whether the jury's verdict is supported by sufficient evidence, and (2) whether the district court's finding that the value of the 1983 Caprice was between $2,000 and $5,000 was clearly erroneous.
 
 II.
 A.
 
 8
 Defendant Levine argues that the jury verdict in this case is unsupported by sufficient evidence. The standard for reviewing the sufficiency of evidence in a criminal case is whether,
 
 
 9
 after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 
 10
 Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Hoffman, 918 F.2d 44, 46 (6th Cir.1990).
 
 
 11
 Title 18, United States Code, Sec. 2321(a) provides as follows:
 
 
 12
 Whoever buys, receives, possesses, or obtains control of, with intent to sell or otherwise dispose of, a motor vehicle or motor vehicle part, knowing that an identification number for such motor vehicle or part has been removed, obliterated, tampered with, or altered, shall be fined not more than $20,000 or imprisoned not more than ten years, or both.
 
 
 13
 In order to prove the defendant guilty in this case, the prosecution had to prove three elements beyond a reasonable doubt:
 
 
 14
 (1) that defendant Levine received, possessed, or had control of the 1983 Chevrolet Caprice belonging to William Wojtyszyn;
 
 
 15
 (2) that defendant Levine intended to dispose of the automobile; and
 
 
 16
 (3) that defendant Levine knew the automobile's identification number had been tampered with or altered.
 
 
 17
 There is ample evidence in the record to show the defendant's possession of the automobile and his intent to dispose of it by conveying it to Elaine Heiden as repayment in kind for the automobile she allowed him to use as a trade-in for his BMW. The defendant's argument on appeal is that there is insufficient evidence to show he knew that the identification numbers on the 1983 Caprice had been altered.
 
 
 18
 The government's proof of defendant's knowledge was circumstantial, as it ordinarily is in such cases. It is undisputed that, about three weeks before the 1983 Caprice was stolen, Levine bought the very automobile whose identification numbers were transferred to the 1983 Caprice. Viewed in the light most favorable to the government, this showed that the defendant had possession of and control over the identification insignia that were transferred illegally to the stolen 1983 Caprice found sitting in his driveway. This evidence rendered the chance that someone could transfer the identification number from the Impala to the Caprice without Levine's cooperation infinitesimally small because Levine, by his ownership of the Impala, controlled its identification numbers.
 
 
 19
 Levine's attorney attempted to leave the impression with the jury that Levine's unnamed "friend" had, without authority, transferred the identification numbers from the Impala to the Caprice and brazenly misrepresented the blue Caprice with its blue interior as the nearly total reconstruction of a rusted, silver-grey Impala with a red interior. However, it was not explained to the jury why anyone would perpetrate this fraud on Levine. It appeared even more inexplicable in light of the testimony of record that it would have cost either $2,400 (witness William Eyler) or more than $5,000 (witness Thomas Burton) to put the 1979 rusted Impala into the condition of the 1983 Caprice. The jury was justified in rejecting Levine's attorney's arguments to the effect that Levine had no way to know that the car delivered to him by his "friend" was not his own Impala. Moreover, defendant's failure to produce his "friend" to explain the altered identification numbers undercut his already improbable defense, as was pointed out by the government in its closing argument.
 
 
 20
 From the direct and circumstantial evidence presented in the case, the jury was entitled to conclude that defendant Levine purchased a rusted hulk of little value in order to obtain identification numbers and a matching title with which he could later "legitimate" the car he intended to steal or have stolen for his girlfriend. Because he was in the business of buying, repairing, and selling used cars, the jury could reason that he had the necessary knowledge to plan, and expertise to carry out, this crime. A rational jury may thus have found the existence of all three elements of this offense, and the evidence was sufficient to sustain the verdict in this case.
 
 B.
 
 21
 Defendant argues that the district court erred in its finding that the retail value of the 1983 Caprice was more than $2,000 but less than $5,000. On review, such a finding of fact must be accepted unless it is clearly erroneous. 18 U.S.C. Sec. 3742(e); United States v. Christoph, 904 F.2d 1036, 1039 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 713 (1991); United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 3227 (1989).
 
 
 22
 William Wojtyszyn did not testify to the retail value of his automobile on the date it was stolen, but he did testify that he and a friend restored it to a nearly new condition after three or four months of work. In his memorandum in aid of sentencing, the defendant referred the district court to the 1990 Automobile Red Book--Official Used Car Valuations--Region A, a publication purporting to state the value of used automobiles as of the period July 1, 1990 through August 14, 1990. According to that publication, the value of a 1983 Chevrolet Caprice was within the range of $1,950 to $3,150. The district court noted at sentencing that the value of the automobile would have been even greater in 1988, when it was stolen, because it would have been nearly two years newer. It follows that the court's finding that the 1983 Caprice was worth more than $2,000 at the time it was recovered in the defendant's possession was not clearly erroneous.
 
 III.
 
 23
 For the foregoing reasons, the judgment and sentence of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation